**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-----------------------------x
                             :
ANTONIA TORCASIO             :    Civil No. 3:15CV00053(AWT)
                             :
v.                           :
                             :
NEW CANAAN BOARD OF ED.,     :    January 25, 2016
et al.                       :
                             :
-----------------------------x
```

## RULING ON MOTIONS TO COMPEL [DOC. ##55, 56, 57]

Pending before the Court are three motions filed by plaintiff Antonia Torcasio ("plaintiff"), seeking to compel discovery from defendants, Bruce Gluck ("Gluck"), the Town of New Canaan (the "Town") and the New Canaan Board of Education ("BOE") (Gluck, the Town and the BOE are hereinafter sometimes collectively referred to as the "defendants"). [Doc. ##55, 56, 57]. Each defendant has filed an objection to the pending motions to compel. [Doc. ##71, 72, 73]. Plaintiff has also filed a supplement to her motions to compel. [Doc. #70]. For the reasons articulated below, the Court **GRANTS, in part, and DENIES, in part**, plaintiff's Motions for Order Compelling Discovery. [**Doc. ##55, 56, 57**].

## BACKGROUND

Plaintiff, a female, was formerly employed as a "lunch person" by the food services division of the BOE. [Doc. #1,

Compl., at ¶9]. Defendant Gluck was the Director of Food Services for the BOE, and at all relevant times, plaintiff's supervisor. Id. at ¶¶8, 12. Plaintiff alleges that she was subjected to adverse employment actions and a hostile work environment due to her gender, by defendant Gluck. See generally id. at ¶¶13-30. Plaintiff alleges the following causes of action: (1) Violation of Title VII, Disparate Treatment Based on Gender (versus the BOE); (2) Violation of Title VII, Disparate Treatment Based on Gender (versus the Town); (3) Violation of Title VII, Hostile Work Environment, Sexual Harassment (versus the BOE); (4) Violation of Title VII, Hostile Work Environment, Sexual Harassment (versus the Town); (5) Intentional Infliction of Emotional Distress (versus Gluck); (6) "CGS 10-235" (Indemnification of teachers, board members, employees and certain volunteers and students in damage suits) (versus the BOE); (7) Negligent Supervision (versus the BOE); and (8) Negligent Supervision (versus the Town). On November 25, 2015, Judge Alvin W. Thompson granted defendants' motion to dismiss as to the negligent supervision counts (seven and eight) of the Complaint. [Doc. #54]. On December 28, 2015, defendants filed their answer and asserted the following affirmative defenses: failure to state a claim upon which relief can be granted; failure to mitigate damages; setoff to account for health insurance premiums paid on plaintiff's behalf; governmental

2

immunity; and lack of adverse employment action. [Doc. #74 at 6-7].

## DISCUSSION

Plaintiff has filed three motions seeking to compel discovery from each defendant. [Doc. ##55, 56, 57]. On December 15, 2015, the Court held a telephonic status conference to address the issues raised in the motions to compel. [Doc. ##61, 65]. At the Court's direction, on December 23, 2015, defendants filed their objections to the motions to compel. [Doc. ##71, 72, 73]. Plaintiff also filed a supplement to her motions. [Doc. #70]. The Court will address each motion in turn.

## I.   Legal Standard

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The party resisting discovery bears the burden of showing why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009).

3

II. **Motion to Compel – Defendant Gluck [Doc. #55]**

As to defendant Gluck, plaintiff seeks to compel answers to five interrogatories, and the production of documents in response to five requests for production.

A. **Interrogatories 5 & 11**

Plaintiff seeks to compel an answer to Interrogatory 5, to which defendant Gluck has objected:

> Interrogatory 5: State whether you have ever pled guilty to or been convicted of any misdemeanor (other than minor traffic offenses) or felony and, if so, state the offense for which your pled guilty or were convicted, the court in which you pled guilty or were convicted, the date of the plea or conviction, and the penalty imposed.
>
> **OBJECTION**: Defendant objects to this interrogatory on the grounds that it not reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Evid. 609.

[Doc. #71 at 1]. In her motion to compel, plaintiff states only that she should be "allowed" access to this information because she "seeks to learn about any convictions for a crime related to honesty." [Doc. #55-2 at 5]. Gluck responds that as stated, Interrogatory 5 requests irrelevant and inadmissible information. [Doc. #71 at 2]. Gluck agrees to answer "whether he has been convicted in the last ten years of a crime involving a 'dishonest act or false statement.'" Id. (quoting Fed. R. Evid. 609(a)(2) and (b)).

4

Rule 609 provides, in relevant part, that a criminal conviction for any felony and for "any crime regardless of the punishment" that involves "a dishonest act or false statement" by the convicted person shall be admitted for purposes of attacking a witness's character for truthfulness. Fed. R. Evid. 609(a). If "more than 10 years have passed since the witness's conviction or release from confinement," the conviction may be admissible, subject to certain limitations. Fed. R. Evid. 609(b). Thus, information relating to convictions for any felony and for any offense involving dishonesty or false statement may be admissible, under certain circumstances, regardless of the age of the conviction.

Gluck's proposed limitation on the interrogatory is overly restrictive and would not encompass information that could well lead to the discovery of admissible evidence. Accordingly, the Court **GRANTS, in part**, plaintiff's motion to compel with respect to Interrogatory 5. Gluck shall provide an answer to Interrogatory 5, limited to any felony offense or any offense involving dishonesty or false statements, as contemplated by Rule 609. Should the parties disagree as to whether any convictions disclosed are admissible at trial, appropriate motions in limine may be filed. The defendant shall provide his answer to Interrogatory 5 on or before **February 24, 2016.**

Plaintiff next seeks to compel an answer to Interrogatory 11,[1] to which defendant Gluck has objected:

> Interrogatory 11: Identify the full name, home and business addresses, and home and business telephone numbers of each individual (other than your attorneys) with whom you have discussed or consulted with regarding any of the facts or allegations set forth in your Complaint against you and the dates of each such discussion.

> **OBJECTION**: Defendant objects to this interrogatory on the grounds that it exceeds the number of permissible interrogatories pursuant to Fed. R. Civ. P. 33 (a)(1) and the scheduling order entered in this action (25 interrogatories including sub parts).

[Doc. #71 at 2]. In his response to plaintiff's motion to compel, defendant Gluck represents that following the meet and confer between counsel, he has responded to Interrogatory 11 as part of his supplemental compliance, and has identified the persons with whom he has discussed the facts or allegations in the Complaint. [Doc. #71 at 3]. Although plaintiff claims no further agreement has been reached with respect to this Interrogatory [Doc. #70 at 2], she does not elaborate how Gluck's response is deficient. However, in a footnote, Gluck further states that the only persons "not specifically

---

[1] Although plaintiff seeks to compel an answer to Interrogatory 11, plaintiff's counsel also stated in his affidavit supporting the motion to compel that counsel had reached an agreement as to this interrogatory. [Doc. #55-1 at ¶4]. The Court will nevertheless address the arguments raised because the Court finds that the parties have not fully resolved the issues.

identified were Mr. Gluck's doctors," whose identities Gluck contends are privileged. [Doc. #71 at 3, n.2].

The Court disagrees that the identities of Gluck's physicians with whom he discussed the allegations of the Complaint are privileged. As an initial matter, the doctor-patient privilege is not applicable to this federal question case. "[Q]uestions about privilege in federal question cases are resolved by the federal common law." Woodward Governor Co. v. Curtiss Wright Flight Sys., Inc., 164 F.3d 123, 126 (2d Cir. 1999); see also Vidal v. Metro-N. Commuter Ry. Co., No. 3:12CV0248(MPS)(WIG), 2014 WL 413952, at *3 (D. Conn. Feb. 4, 2014) ("Where the district court's subject matter jurisdiction is based on a federal question, privilege issues are governed by federal common law."). "[T]here was no physician-patient privilege at common law[.]" Fitzgerald v. A. L. Burbank & Co., 451 F.2d 670, 682 (2d Cir. 1971); see also Nw. Mem'l Hosp. v. Ashcroft, 362 F.3d 923, 926 (7th Cir. 2004) ("[T]he evidentiary privileges that are applicable to federal-question suits are given not by state law but by federal law, Fed. R. Evid. 501, which does not recognize a physician-patient (or hospital-patient) privilege.").

The Supreme Court has recognized a federal common law psychotherapist-patient privilege, but has not extended this to medical doctors. See Jaffee v. Redmond, 518 U.S. 1, 10 (1996).

"Treatment by a physician for physical ailments can often proceed successfully on the basis of a physical examination, objective information supplied by the patient, and the results of diagnostic tests. Effective psychotherapy, by contrast, depends upon an atmosphere of confidence and trust in which the patient is willing to make a frank and complete disclosure of facts, emotions, memories, and fears." Id.; see also E.E.O.C. v. Nichols Gas & Oil, Inc., 256 F.R.D. 114, 119 (W.D.N.Y. 2009).

The privilege applicable to psychotherapist-patient communications covers "confidential communications" made to psychiatrists, psychologists and others providing psychotherapy. Jaffee, 518 U.S. at 15. The names of the providers are not protected, however. "The psychotherapist-patient privilege does not prevent disclosure of the dates of [a patient's] treatment or the identity of [the] psychotherapists." Kiermeier v. Woodfield Nissan, Inc., No. 98CV3260, 1999 WL 759485, at *1 (N.D. Ill. Sept. 8, 1999); see also Merrill v. Waffle House, Inc., 227 F.R.D. 467, 471 (N.D. Tex. 2005) ("The names of mental health care providers, including psychiatrists, psychologists, counselors, and therapists, and dates of treatment are not subject to the privilege."). To the extent defendant Gluck relies on the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), this serves to protect the privacy of patient medical records, not the identity of the patient's

physician. See U.S. v. Boston Sci. Neuromodulation Corp., No. 2:11CV1210(SDW)(MCA), 2013 WL 2404816, at *8 (D.N.J. May 31, 2013) ("While patients should not be identifiable, there is no specific [HIPAA] requirement to remove the name of physicians or providers from the records."); see also N.W. Mem'l Hosp., 362 F.3d at 925 (noting that HIPAA is procedural and not substantive in nature).

Accordingly, plaintiff's motion to compel with respect to Interrogatory 11 is **GRANTED**. On or before **February 24, 2016**, Gluck shall provide a supplemental answer to Interrogatory 11 which identifies the names and addresses of any physicians or others not previously identified with whom he has discussed the facts or allegations of the Complaint.

**B.    Interrogatories 19, 20 & 21; Request for Production 3**

Plaintiff also seeks to compel answers to Interrogatories 19, 20, and 21 and a response to Request for Production 3, all of which relate to Gluck's medical information, and to which Gluck has objected:

> Interrogatory 19: Please state the name, business address and telephone number of any physician you visited with to discuss your medications and their possible impact on you behavior at the workplace in the aftermath of the Wilson Meeting.

> **OBJECTION**: Defendant objects to this interrogatory on the grounds that it exceeds the number of interrogatories permitted under Fed. R. Civ. P. 33 (a)(1) and the scheduling order entered in this action (25 interrogatories including sub parts). Defendant

also objects to this interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Defendant objects to this interrogatory on the grounds that it seeks the disclosure of confidential health information pertaining to the plaintiff. The Defendant has not put his health at issue in the subject case.

Interrogatory 20: Please state the name of any medication you were taking during period of time of the Wilson Meeting and how long you had been taking such medication.

**OBJECTION**: Defendant objects to this interrogatory on the grounds that it exceeds the number of interrogatories permitted under Fed. R. Civ. P. 33 (a)(1) and the scheduling order entered in this action (25 interrogatories including sub parts). Defendant also objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Defendant objects to this interrogatory on the grounds that it seeks the disclosure of confidential health information pertaining to plaintiff. The Defendant has not put his health at issue in the subject case.

Interrogatory 21: Please state whether any medication referenced in interrogatory no. 20 was discontinued after visiting with any physician (subsequent to the 9 Wilson Meeting), and if so, the name of any new medication, if any, intended to replace discontinued medication.

**OBJECTION**: Defendant objects to this interrogatory on the grounds that it exceeds the number of interrogatories permitted under Fed. R. Civ. P. 33 (a)(1) and the scheduling order entered in this action (25 interrogatories including sub parts). Defendant also objects to this interrogatory on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, defendant objects to this interrogatory on the grounds that it seeks the disclosure of confidential health information pertaining to the plaintiff. The Defendant has not put his health at issue in the subject case.

REQUEST 3: Please execute the attached Authorization for Release of Medical and/or Records, sufficient to comply with the provisions of the Health Insurance Portability and Accountability Act, to inspect and make copies of said all records relating to treatment received as a result of the matters to which reference is made in answers to interrogatories #19-21. Information obtained pursuant to the provisions of HIPAA shall not be used or disclosed by the parties for any purpose other than the litigation or proceeding for which such information was requested.

**OBJECTION**: Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

[Doc. #71 at 3-4, 8] [sic]. Plaintiff argues that these interrogatories "should be allowed" because Gluck put his health conditions at issue in the case when he testified that his misconduct at work resulted from prescribed medication. [Doc. #55-2 at 4]. Plaintiff further contends that "Gluck offered his medical condition as justification for any harassment – hostile work environment related conduct." Id. Gluck responds that plaintiff's argument fails to show that he has put his medical history at issue in this case. [Doc. #71 at 4].

On the current record, the Court sustains Gluck's objection that Interrogatories 19, 20 and 21 are not reasonably calculated to lead to the discovery of admissible information. In her supplement to the motions to compel, plaintiff argues that the medication issue is "akin to a defense" and that she needs to discover the accuracy of Gluck's contentions. [Doc. #70 at 3-4].

This argument fails for two reasons. First, Gluck has not raised this as a defense. To the contrary, he specifically represents that "he is not suggesting a medical condition provides him a basis for defending against this case, nor has he advanced a claim on the basis of a medical condition." [Doc. #71 at 6]. The record establishes that Gluck raised the issue of his medication in a single meeting with his superiors. Second, it is unclear how this alleged medical condition could serve as a defense to the claims asserted in this matter in light of the timeframe of the alleged misconduct.

Plaintiff alleges: "During her employ with the BOE, especially during the period starting in January 2010 and ending in September 2013, Mrs. Torcasio and many other female employees were the subject of Mr. Gluck's persistent misconduct." [Doc. #1, Compl., at ¶13]. She further alleges: "Currently, Mr. Gluck's misconduct continues[.]" Id. at ¶28. Deposition testimony establishes that the meeting concerning the alleged medication issue occurred in 2010. See, e.g., Doc. #70-1, July 7, 2014, Gluck Depo. at 41:23-42:5; Doc. #70-2, Nov. 19, 2015, Michael Lagas Depo. at 31:7-13, 43:24-44:25, 46:7-47:25. Approximately a week later, Gluck's medication dosage was changed, and he felt that relations with his employees improved and the problem "was fixed." See Doc. #70-2, Lagas Depo. at 70:19-71:21; Doc. #70-1, Gluck Depo. at 43:17-45:16. This

testimony, provided under oath, establishes that Gluck only asserts that his medication was relevant to his conduct during a one-week period of time in 2010. According to the Complaint, Gluck's misconduct occurred primarily after his medication was adjusted. Accordingly, the issues surrounding Gluck's medication during that one week period are not material.

Weighed against the privacy concerns implicated by delving into Gluck's mental health treatment history, the potential relevance of information related to a possible medication adjustment which Gluck asserts affected his behavior for one week out of several years is minimal. The Court is empowered to limit discovery so as to protect a party from "annoyance, embarrassment, oppression, or undue burden[.]" Fed. R. Civ. P. 26(c)(1)(D). Here, such a limitation is appropriate. Accordingly, on the record before the Court, plaintiff's motion to compel with respect to Interrogatories 19, 20 and 21 is **DENIED.** For the same reasons, plaintiff's motion to compel with respect to Request for Production 3 is also **DENIED.**

**C.   Request for Production 4**

Plaintiff next seeks to compel the production of documents in response to Request for Production 4,[2] to which defendant Gluck has objected:

---

[2] Although plaintiff seeks to compel an answer to Request for

13

REQUEST 4: All documents (including but not limited to
e-mails), notes, diaries, or other tangible evidence
indicating, reflecting or relating to any allegations
in and or defense to the Complaint.

**OBJECTION:** Defendant objects to this request on the
grounds that it is overly broad, unduly burdensome and
not reasonably calculated to lead to the discovery of
admissible evidence. Defendant also objects to this
request on the grounds that it is vague and/or
ambiguous. Furthermore, defendant objects to this
request to the extent it seeks disclosure of
information protected by the attorney client privilege
and/or the attorney work product doctrine. Finally,
the defendant objects to the request on the grounds
that it is vague and/or ambiguous.

[Doc. #71 at 8]. Defendant Gluck represents that following
counsel's meet and confer, he reported in his supplemental
discovery responses that he does not have any non-privileged
documents responsive to this request. [Doc. #71 at 9]. Plaintiff
fails to articulate the basis for her motion to compel. For
example, she does not suggest that Gluck is impermissibly
withholding documents, or that he has failed to undertake a
diligent search. To the extent that plaintiff challenges any
claims of privilege or work product protection, this is not
raised in her motion to compel. Accordingly, the Court **DENIES**
plaintiff's motion to compel as to Request for Production 4.

---

Production 4, plaintiff's counsel noted in his affidavit
supporting the motion to compel that counsel had reached an
agreement as to this request. [Doc. #55-1 at ¶4]. The Court will
nevertheless address the arguments raised because the Court
finds the parties have not fully resolved the issues.

Nevertheless, if Gluck has not produced a privilege log, he will do so on or before **February 24, 2016.**

### D.    Requests for Production 6 & 8

Plaintiff next seeks to compel the production of documents in response to Requests for Production 6 and 8, to which defendant Gluck has objected and responded:

REQUEST 6: All documents (including but not limited to e-mails) or other tangible evidence indicating, reflecting, consisting of, or relating to correspondence from your current employer to you in connection with any complaint made by employees under your supervision.

**OBJECTION**: Defendant objects to this request on the grounds that it is overly broad insofar as "complaint" is not defined. Defendant objects to this request on the grounds that the phrase "other tangible evidence" is vague and/or ambiguous.

**RESPONSE**: Subject to and without waiving the foregoing objections, defendant has no documents responsive to this request.

REQUEST 8: Any and all documents, correspondence or communications, (including but not limited to e-mails and web postings) provided, delivered, posted, sent, or transmitted between you and anyone other than your current employer, including but not limited to your spouse (if any), family members, friends, associates, previous employers, current employers, potential employers, or former or current co-workers, relating to the facts, circumstances or allegations contained in the Complaint.

**OBJECTION**: Defendant objects to this request on the grounds that it seeks the disclosure of information protected by the attorney client privilege, the attorney work product doctrine and/or the spousal privilege. Defendant also objects to this request on the grounds that it is overly broad and not reasonably

> calculated to lead to the discovery of admissible evidence.
>
> **RESPONSE**: Subject to and without waiving the foregoing objections, defendant does not have any non-privileged documents responsive to this request.

[Doc. #71 at 9-10]. Again, plaintiff fails to articulate the basis for her motion to compel. Accordingly, the Court **DENIES** plaintiff's motion to compel as to Requests for Production 6 and 8 for the same reasons articulated above with respect to Request for Production 4. Nevertheless, if Gluck has not produced a privilege log as to these requests, he will do so on or before **February 24, 2016**.[3]

### E.   Request for Production 12

Last, plaintiff seeks to compel the production of documents in response to Request for Production 12, to which Gluck has objected:

> REQUEST 12: All documents or other tangible evidence relating to any lawsuit or any other court or administrative proceeding to which you have been a party, other than this lawsuit, including but not limited to
> (a) any pleadings,
> (b) deposition transcripts,
> (c) transcripts of any testimony, or

---

[3] Gluck also contends that "anything responsive to this request would be encompassed by the Defendants' initial disclosures[.]" [Doc. #71 at 10]. To the extent that any documents provided in the initial disclosures are responsive to this request, on or before **February 24, 2016**, Gluck shall amend his response to this request to identify the Bates numbers of the responsive documents previously disclosed.

(d) any other documents which set forth the name and address of any attorney who represented Plaintiff, the date of the incident which gave rise to such lawsuit or administrative proceeding, the court or agency in which such proceeding or lawsuit was filed, the factual basis on which the proceeding or lawsuit was based, or the disposition of such proceeding or lawsuit.

**OBJECTION**: Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request on the grounds that it seeks the disclosure of information protected by the attorney client privilege and/or the attorney work product doctrine.

[Doc. #71 at 10-11]. Plaintiff contends that "Gluck claims to have lost memory function as a result of a motor vehicle collision[,]" that this collision is the subject of pending litigation, and that plaintiff requires this information to verify Gluck's claims of memory loss. [Doc. #55-2 at 8-9]. Plaintiff further "anticipates that memory loss may be offered as a reason for Gluck's lack of recall during deposition or at an eventual trial in this matter." Id. Gluck responds that he has brought a lawsuit arising out of a motor vehicle accident, and that he claims injuries, including memory loss. [Doc. #71 at 11]. He further represents that he is not a party to any other lawsuit or administrative proceeding. Id. Gluck further contends that his claimed memory loss refers only to "his ability to do certain calculations and quick thinking, not simply not being able to remember things from the past." [Doc. #71 at 12].

17

Plaintiff's represented need for these documents is wholly speculative, and plaintiff admits as much in her motion to compel. [Doc. #55-2 at 8]. Further, defendant Gluck represents that he did not "testify regarding any alleged loss of memory at his deposition in the Plaintiff's state court action against Ms. Wilson nor did he do so at his deposition in this matter." [Doc #71 at 12]. Accordingly, on the record before it, the Court **DENIES** plaintiff's motion to compel as to Request for Production 12.

Therefore, as stated above, the Court **GRANTS, in part, and DENIES, in part**, plaintiff's Motion for Order Compelling Discovery as to defendant Gluck. [**Doc. #55**].

## III. <u>Motion to Compel – Defendant Town of New Canaan [Doc. #56]</u>

### A.   Interrogatories 5 & 6

Plaintiff seeks to compel answers to the following interrogatories, to which defendant Town has asserted the same objection:

> <u>Interrogatory 5</u>: Describe every lawsuit filed in federal or state court against TOWN involving claims of discrimination in employment or infliction of emotional distress since 1995, including the nature of the claims, the names of parties, the date of complaint and the nature of its disposition.

> <u>Interrogatory 6</u>: State the charge caption, charge number, nature of the charge, administrative agency, person or entity charged, and disposition of any and all charges of discrimination or harassment filed against TOWN since 1995 to present, with the Equal Employment Opportunity Commission ("EEOC") and/or any

18

other organization or government agency (e.g.,
Connecticut Commission on Human Rights and
Opportunities) responsible for the enforcement of laws
prohibiting discrimination in employment or otherwise.

**Objection**: Defendant objects to this interrogatory on
the grounds that it exceeds the number of permissible
interrogatories pursuant to Fed. R. Civ. P. 33(a)(1)
and the scheduling order entered in this action (15
interrogatories including sub parts). Defendant also
objects to this interrogatory on the grounds that it
is overly broad, unduly burdensome insofar as it seeks
the disclosure of lawsuits filed over a twenty year
period. Since Mr. Gluck is not an employee of the Town
of New Canaan, this interrogatory is also not
reasonably calculated to lead to the discovery of
admissible evidence.

[Doc. #72 at 1-2]. With respect to the temporal scope of these

interrogatories, plaintiff and defendant Town have agreed to

limit the request to the period of 2003 to 2013. [Doc. #72 at 1

n.1; Doc. #70 at 4]. Substantively, plaintiff argues that this

information is relevant to liability and damages, and to

"discovering if and why Town has failed to remedy discrimination

issues." [Doc. #56-2 at 4-5 (sic)]. Defendant Town argues that

this information is not relevant because plaintiff and her

supervisor, defendant Gluck, were employed by the BOE and not

the Town. Defendant Town further represents that there is no

employment relationship between the Town and plaintiff or

between the Town and Gluck.

As an initial matter, Interrogatory 5 is substantively

overbroad to the extent that it seeks information regarding any

and all lawsuits filed against the Town for claims of infliction

19

of emotional distress. As the Court informed plaintiff's counsel during the December 15, 2015, telephone conference, such a request would inevitably encompass a broad array of information that is not relevant to the pending lawsuit. Further, there are no claims pending against the Town in this case for intentional infliction of emotional distress or negligent supervision. Although defendant Town argues that plaintiff and Gluck are not employees of the Town, the Court credits the argument made by plaintiff during the December 15, 2015, telephone conference that the Town remains a defendant in this matter, and she is entitled to discovery from this defendant.[4] Nevertheless, as phrased, Interrogatories 5 and 6 are substantively overbroad. Therefore, on or before **February 24, 2016**, defendant Town shall provide answers to Interrogatories 5 and 6 as limited to claims of discrimination on the basis of gender and/or hostile work environment on the basis of sexual harassment, and claims for intentional infliction of emotional distress arising out of the same, for the time period agreed to by counsel. Accordingly, the Court **GRANTS, in part, and DENIES, in part**, plaintiff's motion to compel with respect to Interrogatories 5 and 6.

---

[4] The Court notes that the defendants filed a motion to dismiss in this case, but did not raise the claim that the Town is not a proper defendant because the Town is not the plaintiff's employer except in their argument as to Count Eight, which has been dismissed. [See Doc. #21]. Counts Two and Four against the Town remain in the case.

**B.   Requests for Production 15 & 16**

Plaintiff also seeks to compel the production of documents in response to Requests for Production 15 and 16, to which defendant Town has asserted the same objection:

Request 15: All documents or other tangible evidence relating to any lawsuit or any other court or administrative proceeding based on discrimination and infliction of emotional distress to which TOWN has been a party, other than this lawsuit, including but not limited to
(a)   Any pleadings,
(b)   Deposition transcripts,
(c)   Transcripts of any testimony, or
(d)   any other documents which set forth the name and address of any attorney who represented Plaintiff, the date of the incident which gave rise to such lawsuit or administrative proceeding, the court or agency in which such proceeding or lawsuit was filed, the factual basis on which the proceeding or lawsuit was based, or the disposition of such proceeding or lawsuit.

Request 16: All documents or other tangible evidence relating to any charge or allegation of discrimination filed against you with the EEOC or any other organization or government agency (e.g., Connecticut Commission on Human Rights and Opportunities) responsible for the enforcement of laws prohibiting discrimination in employment or otherwise, or which you have been a party to, including but not limited to
(a)   the charge,
(b)   position statements,
(c)   reply or response to the position statement,
(d)   all documents submitted to the EEOC and/or any other organization or government agency... responsible for the enforcement of laws prohibiting discrimination in employment or otherwise,
(e)   the disposition of the charge, or
(f)   any other documents which set forth the name and address of any attorney who represented Plaintiff, the date of the incident which gave rise to such charge of discrimination, the agency in which such

21

charge was filed, the factual  basis on which the
charge was based, or the disposition of such charge.

**Objection**: Defendant objects to this request on the
grounds that it seeks the disclosure of information
protected by the attorney-client privilege and/or the
attorney work product doctrine. In addition, defendant
objects to this request on the grounds that it is
overly broad, unduly burdensome and not reasonably
calculated to lead to the discovery of admissible
evidence insofar as neither the plaintiff nor the
defendant Gluck have ever been employed by the Town of
New Canaan. Furthermore, the defendant objects to the
request on the grounds that it is not reasonably
limited as to time.

[Doc. #72 at 3-4]. The parties reassert their arguments with
respect to Interrogatories 5 and 6 to Requests for Production 15
and 16. Although the Court has ordered defendant Town to provide
answers to Interrogatories 5 and 6, as narrowed by the Court, it
will not order that the Town produce documents in response to
Requests for Production 15 and 16 in light of the newly enacted
proportionality factors set forth in Rule 26(b)(1) of the
Federal Rules of Civil Procedure. Rule 26 provides in relevant
part that parties may obtain discovery

regarding any nonprivileged matter that is relevant to
any party's claim or defense and proportional to the
needs of the case, considering the importance of the
issues at stake in the action, the amount in
controversy, the parties' relative access to relevant
information, the parties' resources, the importance of
the discovery in resolving the issues, and whether the
burden or expense of the proposed discovery outweighs
its likely benefit.

Fed. R. Civ. P. 26(b)(1).

The majority of documents sought in these requests appear to be of minimal importance in resolving the issues in this case. Materials filed in previously filed court cases are likely accessible through public information sources to the plaintiff. The burden of obtaining, reviewing, redacting, and most likely sealing some of the other materials sought, such as third-party depositions in unrelated cases, would be substantial. Therefore, on the current record, the Court sustains defendant Town's objections to Requests for Production 15 and 16.

Accordingly, for the reasons stated, the Court **GRANTS, in part, and DENIES, in part**, plaintiff's Motion for Order Compelling Discovery as to defendant Town. [**Doc. #56**].

## IV.   <u>Motion to Compel — Defendant BOE [Doc. #57]</u>

Plaintiff seeks to compel the BOE's answers to four interrogatories and ten requests for production.

### A.   Interrogatories 8, 9, 10 & 11[5]

Plaintiff seeks to compel answers to the following interrogatories, to which defendant BOE has asserted the same objection:

---

[5] Although plaintiff seeks to compel answers to these interrogatories, plaintiff's counsel stated in his affidavit supporting the motion to compel that counsel had reached an agreement as to Interrogatories 8, 9, 10 and 11. [Doc. #57-1 at ¶4]. Nevertheless, the Court will address the arguments raised because the Court finds the parties have not fully resolved the issues.

Interrogatory 8: Describe every lawsuit filed in federal or state court against BOE involving claims of discrimination in employment or infliction of emotional distress since 1995, including the nature of the claims, the names of parties, the date of complaint and the nature of its disposition.

Interrogatory 9: State the charge caption, charge number, nature of the charge, administrative agency, person or entity charged, and disposition of any and all charges of discrimination or harassment filed against BOE since 1995 to present, with the Equal Employment Opportunity Commission ("EEOC") and/or any other organization or government agency (e.g., Connecticut Commission on Human Rights and Opportunities) responsible for the enforcement of laws prohibiting discrimination in employment or otherwise.

Interrogatory 10: State whether you are aware of any written or oral complaint(s) concerning Bruce Gluck, made/submitted to (1) Bruce Gluck, and or (2) BOE, and or (3) the employee union representative and or its president and or the labor relations representative, by any BOE employee or respective spouse or respective legal counsel.

Interrogatory 11: For each complaint identified in the response to 10, state the following:
(a) the maker of the complaint;
(b) the nature of the complaint;
(c) the date of the complaint;
(d) the disposition of the complaint;
(e) to whom the complaint was made or submitted;
(f) who has possession of complaint, if a written complaint;
(g) who gave BOE complaint.

[Doc. #57-2 at 3-4]. Plaintiff represents that these four interrogatories seek "information regarding lawsuits and administrative complaints regarding discrimination and infliction of emotional distress, previously filed against the BOE ... [and] also requests information regarding internal

complaints filed against the BOE's agent ... Bruce Gluck." [Doc. #57-2 at 3]. Defendant BOE objects to these interrogatories on a number of grounds, including, inter alia, that the interrogatories exceed the number permissible under Federal Rule of Civil Procedure 33(a)(1), and that two of the interrogatories (8 and 9) are overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible information.

In its response to the motion to compel, the BOE reports that it "has agreed to supplement its initial discovery compliance and answer these interrogatories, subject to certain limitations." [Doc. #73 at 3]. With respect to Interrogatories 8 and 9, the BOE "has agreed that it will respond to these interrogatories with respect to lawsuits and administrative charges filed against the BOE pertaining to the food services department going back to 2003." Id. Plaintiff agrees to a temporal limitation of ten years, namely from 2003 to 2013, but does not agree to the substantive limitation proposed by defendant. See Doc. #70 at 4.

Interrogatory 8 is substantively overbroad to the extent that it seeks information regarding all lawsuits filed against the BOE for claims of infliction of emotional distress, rather than only those related to similar harassment or employment claims. The Court further finds that as currently phrased, Interrogatories 8 and 9 remain substantively overbroad.

Therefore, on or before **February 24, 2016**, in addition to the information the BOE agrees to provide, the BOE shall additionally provide answers to Interrogatories 8 and 9 as limited to claims of discrimination on the basis of gender or hostile work environment on the basis of sexual harassment, and claims for intentional infliction of emotional distress arising out of the same, for the time period agreed to by counsel. Accordingly, with respect to Interrogatories 8 and 9, the Court **GRANTS, in part**, plaintiff's motion to compel.

With respect to Interrogatories 10 and 11, the only objection raised is that these interrogatories, by virtue of their subparts, exceed the limitations set by the Court. [See Doc. #73 at 2]. The Court disagrees. Rule 33 sets a limit of 25 interrogatories "including all discrete subparts." Fed. R. Civ. P. 33(a)(1). That provision was added in 1993.

> [T]he Advisory Committee notes to the 1993 Amendment to [Rule 33] distinguish between joining requests about "discrete separate subjects" into a single interrogatory, which is improper, from the permissible practice of using a single interrogatory to ask for information about all "communications of a particular type [which] should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each communication."

Concerned Citizens of Belle Haven v. Belle Haven Club, 223 F.R.D. 39, 47 (D. Conn. 2004). Interrogatory 10 requests complaints about Gluck made to any of three recipients.

26

Interrogatory 11 requests the various "who, what, where and when" details of each of those complaints. These subparts do not represent "discrete" inquiries; they are not "logically or factually independent of the question posed by the basic interrogatory." Sec. Ins. Co. of Hartford v. Trustmark Ins. Co., No. 3:01CV2198(PCD), 2003 WL 22326563, at *1 (D. Conn. Mar. 7, 2003) (internal citation omitted). Accordingly, the BOE's objection as to Interrogatories 10 and 11 is overruled and the Court **GRANTS** plaintiff's motion to compel with respect to Interrogatories 10 and 11. The BOE will provide complete answers to Interrogatories 10 and 11 on or before **February 24, 2016.**

**B.   Requests for Production 2, 3 & 4**

Plaintiff seeks to compel the production of documents responsive to Requests for Production 2, 3 and 4, which seek information regarding internal complaints filed against defendant Gluck:

> Request 2: Any documents including complaints, letters, e-mails, notes, diaries, or other tangible evidence indicating, concerning or relating to any complaint(s) concerning Mr. Gluck made by any BOE employee or respective spouse or respective agent (including legal counsel), and submitted to (1) BOE and or (2) an employee union representative, and or union president and or a labor relations representative.

> **OBJECTION**: Defendant objects to this request to the extent that it seeks the production of information protected by the attorney client privilege and/or the attorney work product doctrine. Defendant also objects to this request as vague and/or ambiguous.

27

**ANSWER**: Subject to and without waiving the foregoing objections, see documents previously produced as part of defendant's initial disclosures.

Request 3: Any documents including complaints, letters, e-mails, notes, diaries, or other tangible evidence indicating, concerning or relating to any complaint(s) concerning Mr. Gluck made by a BOE employee or respective spouse or respective agent (including legal counsel), and submitted or provided to BOE by an employee union representative, and or its president and or labor relations representative.

**OBJECTION**: Defendant objects to this request to the extent that it seeks the production of information protected by the attorney client privilege and/or the attorney work product doctrine. Defendant also objects to this request on the grounds that it is duplicative of the prior request.

**ANSWER**: Subject to and without waiving the foregoing objections, see documents previously produced as part of defendant's initial disclosures.

Request 4: All documents reflecting or relating to the BOE's investigation concerning the allegations made in *Torcasio v. Town of New Canaan et al.*, EEOC Charge No. 523-2014-00323, including reports, witness interviews, notes and memoranda created as part of and in furtherance of the investigation, which will be used as part of any defense to claims made in Complaint.

**OBJECTION**: Defendant objects to this request to the extent that it seeks the production of information protected by the attorney client privilege and/or the attorney work product doctrine.

**ANSWER**: Subject to and without waiving the foregoing objection, there are no non-privileged documents responsive to this request.

[Doc. #73 at 4-5]. With respect to Requests for Production 2 and 3, the BOE represents that it has "provided initial disclosures to the Plaintiff totaling nearly 300 pages of documents" and has

"indicated in its written responses to the Plaintiff's written discovery that any complaints, letters, emails, notes, diaries, and other materials concerning any complaints that BOE employees or their spouses might have made about Mr. Gluck would be contained in the initial disclosures." [Doc. #73 at 5]. As to Request for Production 4, the BOE represents that "it does not have any non-privileged documents responsive to this request." [Doc. #73 at 5].

In light of these representations, the Court **DENIES** plaintiff's motion to compel as to Requests for Production 2, 3 and 4. Plaintiff fails to articulate whether she believes documents are missing from the BOE's production, or how the BOE's responses are insufficient. To the extent that plaintiff challenges any claims of privilege or work product protection, this is not raised in her motion to compel. However to the extent that any documents provided in the initial disclosures are responsive to Requests for Production 2 and 3, on or before **February 24, 2016**, the BOE shall amend its responses to these requests to identify the Bates numbers of the responsive documents. Additionally, if the BOE has not produced a privilege log, it will do so on or before **February 24, 2016**.

## C.   Requests for Production 6, 10, 11 & 18

Plaintiff seeks to compel the production of documents responsive to Requests for Production 6, 10, 11 and 18, which

seek documents related to the claims made in the Complaint, and

the defenses asserted thereto:

> Request 6: All documents including but not limited to
> e-mails, notes, diaries, or other tangible evidence
> indicating, reflecting or relating to any allegations
> in and or defense to the Complaint.
>
> **OBJECTION**: Defendant objects to this request on the
> grounds that it seeks the disclosure of information
> protected by the attorney client privilege and/or the
> attorney work product doctrine and impermissibly seeks
> the mental impressions of defense counsel. Defendant
> also objects to the request on the grounds that it is
> vague and/or ambiguous, as well as overly broad,
> unduly burdensome and not reasonably calculated to
> lead to the discovery of admissible evidence.
>
> Request 10: All documents, including, but not limited
> to, notes, diaries, logs, written records, audiotapes,
> photographs, drawings, e-mails, blogs, websites,
> videotapes or other materials created or maintained by
> BOE which in any way reflect or relate to any
> conversation, communication, incident, event, act, or
> failure to act alleged in or relating to the
> Complaint.
>
> **OBJECTION**: Defendant objects to this request on the
> grounds that it is vague and/or ambiguous. Defendant
> also objects to this request on the grounds that it
> seeks disclosure of information protected by the
> attorney client privilege and/or the attorney work
> product doctrine.
>
> Request 11: All tape recordings, transcripts or
> documents, or other tangible evidence relating to any
> conversation with or statement by any person
> concerning or relating to any matter set forth in the
> Complaint.
>
> **OBJECTION**: Defendant objects to this request as vague
> and/or ambiguous. Defendant also objects to this
> request on the grounds that it seeks disclosure of
> information protected by the attorney client privilege
> and/or the attorney work product doctrine.
> Furthermore, defendant objects to this request on the

grounds that it is overly broad, unduly burdensome,
and not reasonably calculated to lead to the discovery
of admissible evidence.

Request 18: All documents, including, but not limited
to, electronic communications, concerning any non-
privileged communications that BOE has had with any
individual concerning:
(a) the fact that Plaintiff is suing BOE;
(b) Plaintiff's claims against a BOE in this action
and the basis for those claims; and
(c) the knowledge or testimony of any prospective
witness in this case concerning the subject matter of
the Complaint, the facts alleged in the Complaint, or
Plaintiff's claims against BOE.

**OBJECTION**: Defendant objects to this request on the
grounds that it is overly broad, unduly burdensome and
not reasonably calculated to lead to the discovery of
admissible evidence.

[Doc. #73 at 6-7]. With respect to Requests for Production 10

and 11,[6] the BOE responds that these requests are so overbroad

that it "cannot find or determine search terms that would allow

it to identify each and every document or piece of evidence that

may relate to any allegations in or defense to the Complaint or

any matter set forth in the Complaint." [Doc. #73 at 7]. The BOE

further represents that "in all likelihood" any such documents

responsive to Requests for Production 10 and 11 were produced in

connection with the Defendants' initial disclosures[.]" Id.

---

[6] Again, although plaintiff seeks to compel responses to Requests
for Production 10 and 11, counsel stated in his affidavit
supporting the motion to compel that counsel had reached an
agreement as to these two requests. [Doc. #57-1 at ¶4]. The
Court will nevertheless address the arguments raised because the
Court finds the parties have not fully resolved the issues.

Similarly, with respect to Requests for Production 6 and 18, the BOE stands by its objections, and further represents that these requests are duplicative of the disclosures mandated by the initial discovery protocol, with which the BOE has complied. Id. at 8.

On March 31, 2015, Judge Thompson entered an Order regarding the Initial Discovery Protocols for Employment Cases Alleging Adverse Action (hereinafter the "initial discovery protocol"). [Doc. #18]. The initial discovery protocol requires that defendants in employment cases, such as the one here, produce certain documents and provide certain information, to plaintiff. In pertinent part, the initial discovery protocol mandates the production of the following documents:

> a. All communications concerning the factual allegations or claims at issue in this lawsuit among or between:
>
>     i. the plaintiff and the defendant, and
>     ii. the plaintiff's manager(s), and/or supervisor(s), and/or the defendant's human resources representative(s).
>
> b. Responses to claims, lawsuits, administrative charges, and complaints by the plaintiff that rely upon any of the same factual allegations or claims as those at issue in this lawsuit.
> ...
>
> l. Documents concerning investigation(s) of any complaint(s) about the plaintiff or made by the plaintiff, if relevant to the plaintiff's factual allegations or claims at issue in this lawsuit and not otherwise privileged.
> ...

32

n. Any other document(s) upon which the defendant
relies to support the defenses, affirmative
defenses, and counterclaims, including any other
document(s) describing the reasons for the
adverse action.

[Doc. #18 at ¶IV(2)]. The Court agrees that plaintiff's Requests

for Production are largely duplicative of mandated disclosures

provided in the initial discovery protocol, and therefore **DENIES**

plaintiff's motion to compel with respect to Requests for

Production 6, 10, 11 and 18. However, to the extent that

documents responsive to these Requests for Production were

produced in connection with the initial disclosures, on or

before **February 24, 2016,** the BOE shall amend its responses to

these requests to identify by Bates number the previously

produced responsive documents.

    **D.**    **Request for Production 17**

    Plaintiff further seeks to compel production as to Request

for Production 17:

Request 17: All written statements obtained from any
person concerning this action and/or concerning any
allegation in the Complaint.

**OBJECTION:** Defendant objects to this request on the
grounds that it seeks the disclosure of information
protected by the attorney client privilege and/or the
attorney work product doctrine. Defendant also objects
to the request on the grounds that the term
"statement" is vague and/or ambiguous.

**RESPONSE:** Subject to and without waiving the foregoing
objections, see Affidavits produced in connection with
EEOC charge.

[Doc. # 73 at 6-7]. It is again unclear what production plaintiff seeks to compel in light of the BOE's response to this request. Plaintiff fails to articulate whether she believes documents are missing from the BOE's production, or how the BOE's response is insufficient. To the extent that plaintiff challenges any claims of privilege or work product protection, this is not raised in her motion to compel. Accordingly, the Court **DENIES** plaintiff's motion to compel with respect to Request for Production 17. However, if the BOE has not produced a privilege log, it will do so on or before **February 24, 2016**.

   E.    **Requests for Production 19 & 20**

   Last, plaintiff seeks to compel the production of documents in response to Requests for Production 19 and 20, which seek documents related to lawsuits and administrative complaints filed against the BOE alleging discrimination and infliction of emotional distress:

> Request 19: All documents or other tangible evidence relating to any lawsuit or any other court or administrative proceeding based on discrimination and infliction of emotional distress to which BOE has been a party, other than this lawsuit, including but not limited to:
> (a) any pleadings,
> (b) deposition transcripts,
> (c) transcripts of any testimony, or
> (d) any other documents which set forth the name and address of any attorney who represented Plaintiff, the date of the incident which gave rise to such lawsuit or administrative proceeding, the court or agency in which such proceeding or lawsuit was filed, the factual basis on which the proceeding or lawsuit was

based, or the disposition of such proceeding or lawsuit.

**OBJECTION**: Defendant objects to this request on the grounds that it seeks the disclosure of information protected by the attorney client privilege and/or the attorney work product doctrine. In addition, defendant objects to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, defendant objects to the request on the grounds that it is not reasonably limited as to time.

Request 20: All documents or other tangible evidence relating to any charge or allegation of discrimination filed against you with the EEOC or any other organization or government agency (e.g., Connecticut Commission on Human Rights and Opportunities) responsible for the enforcement of laws prohibiting discrimination in employment or otherwise, or which you have been a party to, including but not limited to
(a) the charge,
(b) position statements,
(c) reply or response to the position statement,
(d) all documents submitted to the EEOC and/or any other organization or government agency (e.g., Connecticut Commission on Human Rights and Opportunities) responsible for the enforcement of laws prohibiting discrimination in employment or otherwise,
(e) the disposition of the charge, or
(f) any other documents which set forth the name and address of any attorney who represented Plaintiff, the date of the incident which gave rise to such charge of discrimination, the agency in which such a charge was filed, the factual basis on which the charge was based, or the disposition of such charge.

**OBJECTION**: Defendant objects to this request on the grounds that it seeks the disclosure of information protected by the attorney client privilege and/or the attorney work product doctrine. Defendant also objects to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request on the grounds that it is not reasonably limited as to time.

35

**RESPONSE**: Subject to and without waiving the foregoing objections, no other charges have been filed with the EEOC or CHRO or any other organization or government agency responsible for the enforcement of laws prohibiting discrimination in employment tor otherwise, which the defendant has been a party to which concerns Bruce Gluck or the food services department. As such, there are no documents responsive to this request regarding the conduct of Bruce Gluck or any other employee of the Food Services Department.

[Doc. #73 at 8-9]. In response to plaintiff's motion to compel, the BOE represents that with respect to Request for Production 19, it has agreed to "produce responsive documents pertaining to any lawsuits that food services workers employed by the BOE have filed against the BOE, or that other employees have filed against the BOE which relate to the food services department, from 2003 to the present." [Doc. #73 at 9]. The BOE further represents that the only documents responsive to this request, as narrowed by its agreement, are documents pertaining to the present litigation, which are already in plaintiff's possession, custody and control. Id. Similarly, with respect to Request for Production 20, the BOE represents that it "has agreed to produce responsive documents pertaining to charges that food services workers employed by the BOE have filed with administrative agencies charged with the enforcement of laws prohibiting discrimination in employment from 2003 to the present." [Doc. #73 at 9-10].

Plaintiff represents that she agrees to the time limitation suggested by defendants, but does not agree to the proposed substantive limitations. [Doc. #70 at 4]. The Court finds that Requests for Production 19 and 20 as phrased are substantively overbroad; however, the BOE's proposed narrowed category of documents for production goes too far. Accordingly, in addition to those documents the BOE has agreed to produce, it will also produce any non-privileged documents relating to any lawsuits or charges filed against the BOE claiming discrimination on the basis of gender, and/or hostile work environment on the basis of sexual harassment, for the time period agreed to by counsel. The Court will not, however, require the production of deposition transcripts of third parties which may implicate confidential information. Therefore, on the current record, the Court **GRANTS, in part,** plaintiff's motion to compel with respect to Requests for Production 19 and 20. The BOE shall produce these documents on or before **February 24, 2016,** along with a privilege log, if applicable.

Therefore, for the reasons stated, the Court **GRANTS, in part, and DENIES, in part,** plaintiff's Motion for Order Compelling Discovery as to defendant BOE. [**Doc. #57**].

## CONCLUSION

For the reasons set forth herein, the Court **GRANTS, in part**, and **DENIES, in part**, plaintiff's Motions for Order Compelling Discovery [**Doc. ##55, 56, 57**].

In light of the Court's orders requiring defendants to provide additional discovery, a separate amended scheduling order will issue.

This is not a Recommended Ruling. This is an order regarding discovery and case management which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at New Haven, Connecticut this 25th day of January 2016.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE
