```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------x
                              :
ANTONIA TORCASIO              :    Civil No. 3:15CV00053(AWT)
                              :
v.                            :
                              :
NEW CANAAN BOARD OF ED.,      :    January 26, 2016
et al.                        :
                              :
------------------------------x
```

## RULING ON DEFENDANTS' MOTION TO QUASH
## AND MOTION FOR PROTECTIVE ORDER [Doc. #59]

Pending before the Court is a motion by defendants New Canaan Board of Education ("BOE"), the Town of New Canaan (the "Town") and Bruce Gluck ("Gluck") (BOE, the Town, and Gluck are hereinafter sometimes collectively referred to as the "defendants") for a protective order and to quash the subpoenas for the depositions of Taina Gluck, the wife of defendant Gluck, and Mr. Dicostanzo, husband of a BOE employee. [Doc. #59]. Plaintiff has filed a response in opposition [Doc. #60], to which defendants have filed a reply [Doc. #62]. Plaintiff has also filed a supplement to her response to the motion to quash and for protective order. [Doc. #70]. For the reasons articulated below, the Court **GRANTS** defendants' Motion to Quash, and for Protective Order as to Mrs. Gluck, and **DENIES as moot**, defendants' Motion to Quash and for Protective Order as to Mr.

1

Dicostanzo. [**Doc. #59**].

A. **Background**

Plaintiff Antonia Torcasio ("plaintiff"), a female, was formerly employed as a "lunch person" by the food services division of the BOE. [Doc. #1, Compl., at ¶9]. Defendant Gluck was the Director of Food Services for the BOE, and at all relevant times, plaintiff's supervisor. Id. at ¶¶8, 12. Plaintiff alleges that she was subjected to adverse employment actions and a hostile work environment due to her gender, by defendant Gluck. See generally id. at ¶¶13-30. Plaintiff alleged the following causes of action: (1) Violation of Title VII, Disparate Treatment Based on Gender (versus the BOE); (2) Violation of Title VII, Disparate Treatment Based on Gender (versus the Town); (3) Violation of Title VII, Hostile Work Environment, Sexual Harassment (versus the BOE); (4) Violation of Title VII, Hostile Work Environment, Sexual Harassment (versus the Town); (5) Intentional Infliction of Emotional Distress (versus Gluck); (6) "CGS 10-235" (Indemnification of teachers, board members, employees and certain volunteers and students in damage suits) (versus the BOE); (7) Negligent Supervision (versus the BOE); and (8) Negligent Supervision (versus the Town). On November 25, 2015, Judge Thompson granted

defendants' motion to dismiss as to the negligent supervision counts (seven and eight) of the Complaint. [Doc. #54]. On December 28, 2015, defendants filed their answer and asserted the following affirmative defenses: failure to state a claim upon which relief can be granted; failure to mitigate damages; setoff to account for health insurance premiums paid on plaintiff's behalf; governmental immunity; and lack of adverse employment action. [Doc. #74 at 6-7].

**B.   Legal Standard**

"Pursuant to Rule 45, any party may serve a subpoena commanding a nonparty 'to attend and testify[.]'" Weinstein v. Univ. of Connecticut, Civ. No. 3:11CV1906(WWE), 2012 WL 3443340, at *2 (D. Conn. Aug. 15, 2012) (quoting Fed. R. Civ. P. 45(a)(1)(A)(iii)). "A subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." Warnke v. CVS Corp., 265 F.R.D. 64, 66 (E.D.N.Y. 2010) (citation and internal quotation marks omitted). Upon timely motion, a Court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden[.]" Fed. R. Civ. P. 26(c)(1). The burden of showing good cause for the issuance of a protective order falls on the party seeking the order. See Brown v. Astoria Fed. Sav. & Loan Ass'n, 444 F. App'x 504, 505 (2d Cir. 2011). "To establish good cause under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Jerolimo v. Physicians for Women, P.C., 238 F.R.D. 354, 356 (D. Conn. 2006) (citations and internal quotation marks omitted).

C.  Discussion

Defendants seek to quash the subpoena for the deposition of Taina Gluck ("Mrs. Gluck"), defendant Gluck's wife, and the prospective subpoena for the deposition of the husband of Joann Pascarelli, who is a food services manager in the New Canaan Public Schools food services department. [Doc. #59]. Defendants also seek a protective order. Id.

As an initial matter, plaintiff represents in her response that she will not subpoena Mr. Discostanzo, the husband of Joann Pascarelli. [Doc. #60 at ¶1]. Accordingly, plaintiff's motion to

4

quash and for protective order is **DENIED as moot** with respect to Mr. Discostanzo.

Defendants argue that plaintiff seeks the deposition of Mrs. Gluck for purposes of gaining information regarding defendant Gluck's medical condition in 2010. [Doc. #59 at 2-3]. Defendants argue that Mrs. Gluck's testimony is not relevant, and that her deposition would infringe upon the marital communications privilege and adverse spousal testimony privilege. [Doc. #59 at 7]. Plaintiff responds that she seeks to depose Mrs. Gluck only with respect to the first four counts of the Complaint, "which regard Title VII employer liability only" and the testimony sought will not be "material" to count five of the Complaint against defendant Gluck. [Doc. #60 at ¶2]. Plaintiff further represents that "the events to be covered by the deposition will not include confidential communications between spouses" and that the deposition will be "limited to what [Mrs.] Gluck witnessed and what she stated to persons other than her spouse." Id. at ¶3. In reply, defendants contend that notwithstanding these representations, it is not apparent how Mrs. Gluck's deposition is reasonably calculated to lead to the discovery of admissible evidence. [Doc. #62 at 2]. Accordingly, defendants suggest that "Plaintiff should proffer a more

concrete explanation as to the subject matter of Mrs. Gluck's deposition and the necessity of the deposition." Id.

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "In response to a motion to quash a subpoena, '[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings.' ... Once the party issuing the subpoena has demonstrated the relevance of the requested documents, the party seeking to quash the subpoena bears the burden of demonstrating that the subpoena is overbroad, duplicative, or unduly burdensome." Libaire v. Kaplan, 760 F. Supp. 2d 288, 291 (E.D.N.Y. 2011) (citations omitted).

Without addressing the arguments asserting privilege or standing, the Court finds that plaintiff has failed to demonstrate how the information sought by deposing Mrs. Gluck is

relevant and material to the allegations and claims at issue in these proceedings. First, to the extent that plaintiff seeks to depose Mrs. Gluck regarding defendant Gluck's 2010 medical condition, the Court has previously ruled that his 2010 medical condition is not relevant to the claims or defenses in this matter. See Doc. #76 Ruling on Motions to Compel, at 9-13. Although plaintiff claims that Mrs. Gluck will be deposed on "events which are material" to the claims against the Town and the BOE, she fails to articulate which events, and how they are material to the claims in the Complaint. Without more, it is difficult to discern the relevance and/or importance of Mrs. Gluck's testimony to resolving the issues raised in counts one through four of the Complaint. In that regard, the Court credits the defendants' argument that Mrs. Gluck has not been identified by plaintiff, or any other potential witness, as having been a witness to, or making statements of her own relating to, the allegations in the Complaint. [Doc. #62 at 2]. Accordingly, the Court finds on the record before it, that plaintiff has failed to make a sufficient proffer of relevancy concerning the deposition of Mrs. Gluck.

Further, the Court notes that the parties have engaged in nearly seven months of discovery, from approximately May 2015 through December 31, 2015. See Doc. ##15, 20, 32, 51. As of July

7

31, 2015, plaintiff had taken six fact witness depositions, and reportedly anticipated taking at least four more. [Doc. #32 at 1-2]. At this late stage of fact discovery, which has now closed, it would appear that plaintiff's efforts to subpoena Mrs. Gluck are nothing more than a fishing expedition. Accordingly, without a specific proffer of the testimony that plaintiff seeks to obtain from Mrs. Gluck, and how such testimony would be relevant and/or critical to the claims in the Complaint, the Court finds that Mrs. Gluck, a non-party, would be unduly burdened if she was required to appear and testify at a deposition. See Libaire, 760 F. Supp. 2d at 293 ("[A] court is required to weigh the burden to the subpoenaed party against the value of the information to the serving party." (citation omitted)). Therefore, the Court **GRANTS** defendants' motion to quash and for protective order as to Mrs. Gluck.

**D.   Conclusion**

Therefore, for the reasons stated, the Court **GRANTS** defendants' Motion to Quash, and for Protective Order as to Mrs. Gluck, and **DENIES as moot**, defendants' Motion to Quash and for Protective Order as to Mr. Dicostanzo. [**Doc. #59**].

This is not a Recommended Ruling. This is an order regarding discovery and case management which is reviewable

pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

    SO ORDERED at New Haven, Connecticut this 26th day of January 2016.

                                    /s/
                            HON. SARAH A. L. MERRIAM
                            UNITED STATES MAGISTRATE JUDGE