```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------x
                              :
ANTONIA TORCASIO              :    Civil No. 3:15CV00053(AWT)
                              :
v.                            :
                              :
NEW CANAAN BOARD OF ED.,      :    April 1, 2016
et al.                        :
                              :
------------------------------x
```

**RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION [Doc. #91]**

Pending before the Court is a motion by plaintiff Antonia Torcasio ("plaintiff") seeking reconsideration of the Court's Ruling on Motions to Compel [Doc. #76] with respect to plaintiff's interrogatory requests 19, 20, 21 and request for production 3. [Doc. #91]. Defendant Bruce Gluck ("Gluck") objects to plaintiff's motion. [Doc. #95]. For the reasons articulated below, the Court **DENIES** plaintiff's Motion for Reconsideration of Order on Motion to Compel. [**Doc. #91**].

**A. Background**

The Court presumes familiarity with the factual background of this matter, which is recited in the Court's Ruling on Motions to Compel. See Doc. #76. For purposes of this Ruling, however, the Court will briefly address the background leading to the present motion for reconsideration.

On December 2, 2015, plaintiff filed a motion seeking an order compelling Gluck to respond to numerous discovery

1

requests. [Doc. #55]. As relevant here, plaintiff sought an order compelling Gluck to respond to three interrogatories (numbers 19, 20, 21) and one request for production (number 3), all regarding Gluck's prescribed medication and the names of the physicians with whom he was treating. [Doc. #55-2 at 3-4, 6].

The Court denied plaintiff's motion to compel with respect to these discovery requests for several reasons. First, the Court sustained Gluck's objections that these particular discovery requests were not reasonably calculated to lead to the discovery of admissible evidence. [Doc. #76 at 11]. The Court also rejected plaintiff's argument that the "medication issue" was "akin to a defense" because Gluck had not raised it as a defense, and it was unclear how Gluck's alleged medical condition could serve as a defense in light of the time frame of the alleged misconduct. Id. at 12. In that regard, the Court found that the deposition testimony submitted in support of the motion to compel established that Gluck's medication issue was relevant to his conduct for only a one week period in 2010, which largely predated the alleged timeframe of Gluck's alleged misconduct. Id. at 13. Therefore, the Court found that the issues surrounding Gluck's medication for that period were not material, and that Gluck's privacy concerns outweighed the potential relevance of the information sought. Id.

Plaintiff now seeks reconsideration of that portion of the Ruling on Motions to Compel pertaining to the medication issue on the grounds that new evidence, namely Gluck's December 17, 2015, deposition transcript, which was not available at the time of the filing of the motion to compel, undermines the Court's Ruling. See Doc. #91.[1] The Court will further address the parties' arguments below.

**B.   Legal Standard**

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Three grounds can justify reconsideration: "an intervening change of controlling law, the availability of new

---

[1] Plaintiff initially filed an objection to the Ruling on Motions to Compel on February 8, 2016. [Doc. #79]. This was later withdrawn, after plaintiff filed a sealed motion for reconsideration. [Doc. ##80, 82, 83]. Following a telephone conference with the Court, plaintiff filed an unsealed motion for reconsideration, along with a redacted memorandum in support. [Doc. #91]. For purposes of this Ruling, the Court cites to the motion and memorandum available on the public docket at entry number 91. Additionally, although the motion for reconsideration addressed here was filed after the expiration of fourteen days from the filing on the Ruling on Motions to Compel, see D. Conn. L. Civ. R. 7(c)1., the Court treats the motion for reconsideration as having been filed as of the date of the erroneously filed objection.

evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure §4478 at 90). "A motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made. ... It is also not appropriate to use a motion to reconsider solely to re-litigate an issue already decided." SPGGC, Inc. v. Blumenthal, 408 F. Supp. 2d 87, 91-92 (D. Conn. 2006) (citing Lopez v. Smiley, 375 F.Supp.2d 19, 21-22 (D. Conn. 2005) (internal citation and quotation marks omitted)), aff'd in part, vacated in part, remanded sub nom. SPGGC, LLC v. Blumenthal, 505 F.3d 183 (2d Cir. 2007).

**C.   Discussion**

Plaintiff asserts two arguments in support of her motion for reconsideration, to which Gluck has objected. The Court will address each argument in turn.

Plaintiff first contends that Gluck's December 17, 2015, deposition testimony undermines the Court's observation, based on the evidence presented previously, that Gluck's medication issue apparently lasted for only one week's time. [Doc. #91-1 at 2-3]. Specifically, plaintiff points to various excerpts of Gluck's December 17, 2015, deposition for the proposition that his medication issue lasted from as early as 2009 to December

4

2010, meaning that contrary to the Court's observation that the evidence suggested this issue had a one-week impact, the medication issue in fact lasted up to two years. [Doc. #91-1 at 3]. Gluck's response is twofold. First, Gluck contends that plaintiff is merely trying to reargue that the information sought is relevant and reasonably calculated to lead to the discovery of admissible information. [Doc. #95 at 2]. Second, Gluck contends that the December 17, 2015, deposition transcript is not in fact "new evidence" in light of plaintiff's statement that Gluck testified similarly at his 2014 deposition. Id. at 3. Gluck further submits that his counsel received the transcript of Gluck's December 17, 2015, deposition on January 5, 2016, well before the Court's January 25, 2016, Ruling on Motions to Compel. Id.

    The Court is hard-pressed to find that testimony offered at a December 17, 2015, deposition, at which plaintiff's counsel was in attendance, and which was (according to plaintiff) consistent with testimony offered in 2014, constitutes "new evidence" in regard to a ruling issued on January 25, 2016. If plaintiff's counsel felt that the December 17, 2015, deposition testimony was relevant to the arguments raised in the motion to compel, counsel should have alerted the Court to that fact while the motion was pending. Even assuming, however, that the December 17, 2015, deposition testimony is properly considered

"newly discovered evidence," plaintiff's argument still misses the mark.

As set forth in the Ruling on Motions to Compel, the time frame at issue in plaintiff's Complaint ranges from, at a minimum, January 2010, through the date of the complaint, January 12, 2015. See Doc. #76 at 12 (citing Doc. #1, Compl., at ¶¶13, 28). Accordingly, out of at least five years at issue in this case, per plaintiff's arguments, Gluck's medication issue endured for no more than one year (January 2010 to December 2010). As noted in the Court's prior ruling, plaintiff does not contend that Gluck's behavior improved after 2010. Even if Gluck was on some kind of medication throughout 2010, and that medication was changed, if his behavior did not change after that, and instead continued unabated through at least 2015, the plaintiff's interest in exploring the details of that medication is still not sufficiently compelling to overcome Gluck's interest in maintaining the privacy of his medical records.[2] See

---

[2] Plaintiff's motion suggests that the relevant time period is the twelve years during which plaintiff worked for the Board of Education: "The Court's rationale is hardly disputable; in light of Plaintiff's twelve years of employment with BOE, the potential relevance of information relating to one week is minimal and consequently outweighed by Gluck's privacy concerns." [Doc. #91-1 at 2-3]. The Court similarly finds that the potential relevance of information relating one or two years, out of a potential twelve, in light of the evidence establishing that Gluck's behavior did not in fact change dramatically after 2010, is outweighed by Gluck's interest in maintaining the privacy of his medical records.

6

E.E.O.C. v. Nichols Gas & Oil, Inc., 256 F.R.D. 114, 122 (W.D.N.Y. 2009) ("Rule 26(c) authorizes the court to fashion a set of limitations that allows as much relevant information to be discovered as possible, while preventing unnecessary intrusions into the legitimate interests — including privacy and other confidentiality interests — that might be harmed by the release of the material sought." (quoting Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000) (internal quotation marks omitted))). In other words, plaintiff has failed to point to matters that might reasonably be expected to alter the Court's prior conclusion. Therefore, reconsideration is not warranted on this point. See Shrader, 70 F.3d at 257.

Next, plaintiff speculatively argues that introduction of evidence at trial relating to Gluck's medication issue will "serve as a quasi-defense." [Doc. #91-1 at 4]. Plaintiff further elaborates that without the information requested in the discovery requests at issue, "Gluck could tell a jury as he wishes even though none of his assertions may be true, while the Plaintiff is simply left helpless to simply watch." [Doc. #91-1 at 4]. Gluck responds that plaintiff is "grasping at straws" and that at no point has he "relied on any aspect of his medical history to disavow responsibility for any of his conduct." [Doc. #95 at 3].

Plaintiff's argument simply reiterates the contentions in her original briefing. In her supplement to the motion to compel, plaintiff argued: "Ostensibly, a jury could be persuaded that Gluck was a quasi-victim in all of this ... The need to discover the accuracy of the 'medication issue,' which is akin to a defense, is obviously material to the Plaintiff's case. Without requiring the production of such information, the Plaintiff is straightjacketed; Mr. Gluck can argue anything." [Doc. #70 at 3-4]. The motion for reconsideration simply parrots this argument and does not proffer a sufficient basis upon which to grant reconsideration. "A motion for reconsideration is 'not simply a second bite at the apple for a party dissatisfied with a court's ruling.'" Morien v. Munich Reinsurance Am., Inc., 270 F.R.D. 65, 69 (D. Conn. 2010) (citing Weinstock v. Wilk, No. 3:02CV1326(PCD), 2004 WL 367618, at *1 (D. Conn. Feb. 25, 2004)). Here, with respect to the "quasi-defense" argument, plaintiff simply attempts a second bite at the proverbial apple; namely, relitigation of an issue which has already been decided. This does not justify the Court's granting reconsideration.

Further, to the extent plaintiff contends that Gluck may try to use his medication issue as a form of a "quasi-defense" at trial, such concerns or potential for prejudice can be cured through a motion in limine or an appropriately crafted jury instruction. Counsel will of course have the opportunity to

8

cross-examine Gluck as well. The representations of defense counsel as to this issue have clearly placed off-limits any claim at trial that Gluck's medication somehow excused his behavior. Accordingly, because plaintiff has not raised an issue justifying reconsideration of the Court's Ruling on Motions to Compel, the Motion for Reconsideration is denied.

**D.  Conclusion**

For the reasons set forth herein, the Court **DENIES** plaintiff's Motion for Reconsideration of Order on Motion to Compel. [**Doc. #91**]. This is not a Recommended Ruling. This is an order regarding discovery and case management which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

SO ORDERED at New Haven, Connecticut this 1st day of April, 2016.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE